UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ARMOND MCCLOUD,

                                    Plaintiff,

        -against-                                           **MEMORANDUM AND ORDER**
                                                            05-CV-4743 (SLT)
RICHARD A. BROWN, Queens County
District Attorney; CHARLES S. HIRSCH, M.D.,
Chief Medical Examiner for the City of New York,

                                    Defendants.
--------------------------------------------------------------X

TOWNES, U.S.D.J.

        Plaintiff Armond McCloud, a prisoner incarcerated at Coxsackie Correctional Facility,

brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants violated his civil

rights. Plaintiff also submits an application for appointment of counsel. The Court denies

plaintiff's application as he has not met the standard for such a request. The Court grants

plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but dismisses

the complaint for the reasons set forth below.

## BACKGROUND

        On April 15, 1996, plaintiff was convicted and sentenced to 25 years to life in Supreme

Court, Queens County, for murder in the second degree and criminal possession of a weapon in

the second degree. *See People v. McCloud*, 247 A.D.2d 409 (1998). Plaintiff maintains that he

is actually innocent of the crimes for which he is currently serving his sentence, alleging that

defendants have denied him access to "Autopsy Report Number Q94-3744" (the "autopsy

report"), which is "very critical to the plaintiff's innocence." Compl. ¶ 17. Plaintiff alleges that

the autopsy report was never disclosed to him during trial and that "measures were taken to

suppress the report." *Id.* ¶ 16. Plaintiff alleges that the victim had scratches on his left hand and

that the autopsy report would reveal that the DNA traces found on the victim's scratches would not match his own. *Id.* ¶¶ 17-19. Plaintiff alleges that he has tried to obtain the autopsy report from the Office of the Chief Medical Examiner and the New York City Health and Hospital Corporation by filing two requests pursuant to New York State's Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law §§ 84, *et seq.*, both of which were denied. *Id.* ¶¶ 9-10. In addition, plaintiff sues Queens District Attorney Richard Brown for failing to turn over the autopsy report.

Plaintiff requests that this Court compel defendants to "make available and furnish the plaintiff with [the] autopsy report ... in its entirety for a thorough DNA comparison testing so plaintiff can prove once and for all that he is innocent of the crime of murder for which he was wrongly charged, tried, and sentenced to life imprisonment ... ." *Id.* ¶ 24.

## DISCUSSION

Standard of Review

Under 28 U.S.C. § 1915A, this Court has the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. As plaintiff is proceeding pro se, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest argument they suggest. *Id.*

FOIL

Plaintiff requests that this Court compel defendants to release the autopsy report which he failed to obtain pursuant to pursuant to FOIL requests. The Freedom of Information Law that plaintiff relies on is state law, and his remedy, if any, lies in state court process. _See Schuloff v. Fields_, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997); _Washington v. Police Dep't, City of New York_, No. 93 Civ. 5962 (JFK), 1994 WL 455512, at *1 (S.D.N.Y. Aug 22, 1994) ("FOIL does not establish federal question jurisdiction"). Indeed, "FOIL documents need only be produced after a request and investigation have been made ... and the statute provides for appropriate remedies, namely, administrative appeals and [proceedings pursuant to Article 78 of the New York Civil Practice Law and Rules], in the event that the government fails to respond to the FOIL request." _Webb v. Ashburn_, No. 96 Civ. 0325 (SAS), 1997 WL 118355, at *6 (S.D.N.Y. Mar. 17, 1997). Accordingly, defendants' alleged failure to comply with FOIL does not give rise to a claim under 42 U.S.C. § 1983.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore _in forma pauperis_ status is denied for the purpose of any appeal. _Coppedge v. United States_, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: October 14, 2005
Brooklyn, New York

3